**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4087**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

  v.

RANDY EDWARD HAYES,

        Defendant – Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-608)

Submitted: March 30, 2009                     Decided: June 18, 2009

Before WILLIAMS, Chief Judge, and MICHAEL and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy Nino Giatras, Charleston, West Virginia, for Appellant. Rita R. Valdrini, Acting United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury in the Northern District of West Virginia indicted Randy Edward Hayes for three violations of 18 U.S.C.A. § 922(g)(9) (West 2000), which makes it "unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . [to] possess in or affecting commerce, any firearm or ammunition." After the district court denied Hayes's motion to dismiss the indictment, Hayes entered a conditional guilty plea and appealed to this court. We reversed, concluding that the district court should have granted the motion to dismiss. United States v. Hayes, 482 F.3d 749 (4th Cir. 2007). Thereafter, the Supreme Court granted certiorari, United States v. Hayes, 128 S. Ct. 1702 (2008), reversed our decision, United States v. Hayes, 129 S. Ct. 1079 (2009), and remanded the case for further proceedings. On remand, we now conclude that Hayes's conviction and sentence must be affirmed.

I.

On February 24, 1994, Hayes was convicted in Marion County, West Virginia, Magistrate Court of misdemeanor battery. The victim was Hayes's then-wife Mary Ann Hayes (now Mary Carnes), with whom he cohabitated and had a child. Hayes was represented by counsel during that prosecution, and his conviction remains valid.

2

On July 25, 2004, deputies from the Marion County Sheriff's Department responded to a 911 call from Mary Carnes reporting domestic violence at Hayes's home. With Hayes's consent, the deputies searched the home and recovered a Winchester rifle. Further investigation by the Bureau of Alcohol, Tobacco, and Firearms ("ATF") revealed that Hayes had possessed several other rifles throughout 2004.

Based upon the ATF's investigation, on January 4, 2005, Hayes was charged in a three-count indictment with violating § 922(g)(9) and 18 U.S.C.A. § 924(a)(2) (West 2000). Hayes moved to dismiss his indictment, arguing that his prior battery conviction was neither a "misdemeanor crime of domestic violence" ("MCDV") under 18 U.S.C.A. § 921(a)(33)(A) (West 2000 & Supp. 2009), nor a qualifying predicate offense under § 922(g)(9). The Government filed a superseding indictment alleging the same substantive counts but including a "Notice of Additional Factors" detailing Hayes's battery conviction and arguing that the conviction qualified as a MCDV under § 921(a)(33)(A).[1] The "Notice of Additional Factors" alleged

---

[1] That statute provides:

> (33)(A) Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that-

(Continued)

3

that the victim in the battery conviction was Hayes's spouse with whom he shared a child and cohabitated.

Hayes again moved to dismiss, arguing principally that his battery conviction was not a MCDV because it did not require, as an element of the offense, the existence of a domestic relationship.  Relatedly, Hayes contended that the "Notice of Additional Factors" was void because the domestic relationship between him and the victim did not appear on the face of any judicial documents in the battery conviction.  Hayes contended that, under Shepard v. United States, 544 U.S. 13 (2005), the Government was prohibited from proving that relationship by means of extrinsic evidence.  The district court denied Hayes's motion and, on July 5, 2005, Hayes entered a conditional guilty plea to Count One of the superseding indictment, reserving his right to appeal the denial of his motion to dismiss.  The

---

(i) is a misdemeanor under Federal, State, or Tribal law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim[.]

18 U.S.C.A. § 921(a)(33)(A) (West 2000 & Supp. 2009).

4

district court later sentenced Hayes to five years of probation, with the first six months served as home confinement. On appeal, we reversed, concluding that Hayes's battery conviction, which did not "have as an element a domestic relationship between the offender and the victim," did not qualify as a predicate offense under § 922(g)(9). Hayes, 482 F.3d at 751. The Supreme Court granted certiorari and reversed, concluding that "Congress defined 'misdemeanor crime of domestic violence' to include an offense 'committed by' a person who had a specified domestic relationship with the victim, whether or not the misdemeanor statute itself designates the domestic relationship as an element of the crime." Hayes, 129 S. Ct. at 1089. Thus, under § 922(g)(9), "it suffices for the Government to charge and prove a prior conviction that was, in fact, for an offense committed by the defendant against a spouse or other domestic victim." Hayes, 129 S. Ct. at 1084 (internal quotation marks and alterations omitted). The Court remanded the case for further proceedings consistent with its opinion.

## II.

On remand, we are left to address Hayes's additional argument that the Government lacked judicially noticeable evidence of a domestic relationship for the battery conviction and should not have been allowed to prove the domestic

5

relationship with extrinsic evidence. We review de novo the district court's denial of a motion to dismiss an indictment. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009).

According to Hayes, permitting the Government to prove the domestic relationship by means of "extrinsic evidence" runs afoul of Shepard and our decision in United States v. Washington, 404 F.3d 834 (4th Cir. 2005). Hayes argues that, consistent with these decisions, the domestic relationship must be proven only by looking to the charging documents, the terms of the plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. Thus, argues Hayes, the "Notice of Additional Factors" is invalid and the indictment against him defective.

We disagree. Hayes overlooks the fact that Shepard and Washington apply only to judicial fact-finding; those decisions operate as a safeguard for the defendant's Sixth Amendment right "to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged," United States v. Gaudin, 515 U.S. 506, 522-23 (1995) and "any particular fact that the law makes essential to his punishment," United States v. Booker, 543 U.S. 220, 232 (2005) (internal quotation marks omitted). As the Shepard plurality explained, "the Sixth and Fourteenth Amendments guarantee a jury standing

6

between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence." 544 U.S. at 25. Hayes points to no case law[2] supporting an extension of Shepard and Washington to limit the Government's ability to prove its case to a jury at trial, and for good reason—no Sixth Amendment concerns are raised by the Government's use of extrinsic evidence to prove a prior conviction to the jury. Indeed, the Supreme Court's decision in this case presages such a conclusion; the Court explained:

> To obtain a conviction in a § 922(g)(9) prosecution, the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way. But that relationship, while it must be established, need not be denominated an element of the predicate offense.

Hayes, 129 S. Ct. at 1087.

---

[2] In his opening brief, Hayes relies principally on United States v. Nobriga, 408 F.3d 1178 (9th Cir. 2005), withdrawn by 433 F.3d 1090 (9th Cir. 2006) for the proposition that the Government must prove the domestic relationship by means of judicially noticeable facts. In its later opinion, however, the Ninth Circuit specified that the Government was permitted to "prove[] the necessary domestic relationship at trial" and that, like here, any "mismatch between the Hawaii and federal domestic violence statutes is not a basis for invalidating the indictment." United States v. Nobriga, 474 F.3d 561, 564 (9th Cir. 2006).

7

Presumably, if the Court had Sixth Amendment concerns with the Government's means of proving the victim of the predicate offense, it would have mentioned them.[3]

Shepard and Washington do not limit the Government's ability to prove its case in a § 922(g)(9) prosecution to a jury. We thus agree with the district court that the Government was permitted to prove the existence of the domestic relationship with extrinsic evidence and that the indictment, with its "Notice of Additional Factors," was valid on its face.

## III.

For the foregoing reasons, Hayes's conviction and sentence are

AFFIRMED.

---

[3] Chief Justice Roberts, in dissent, did discuss Shepard v. United States, 544 U.S. 13 (2005), and its predecessor, Taylor v. United States, 495 U.S. 575 (1990), for the proposition that the majority's approach would "often" make it "necessary to go beyond the fact of conviction and engage in an elaborate factfinding process regarding the defendant's prior offense." Hayes v. United States, 129 S. Ct. 1079, 1092 (2009) (Roberts, C.J., dissenting) (internal quotation marks and alterations omitted). Tellingly, Chief Justice Roberts alluded only to the "practical difficulties and potential unfairness of a factual approach," not to any potential Sixth Amendment concerns. Id. (internal quotation marks omitted).